IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY BROWN, | § | |
| Plaintiff, | § | 5-18-CV-00977-FB-RBF |
| vs. | § | |
| WERNER HOLDINGS CO., INC., | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss for Failure to Prosecute filed by Defendant Werner Co., erroneously sued in the name of Werner Holdings Co. Inc.. *See* Dkt. No. 18. The District Court referred this case to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 7. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Defendant Werner's Motion to Dismiss for Failure to Prosecute, Dkt. No. 18, should be **GRANTED** and this case **DISMISSED** for failure to prosecute or comply with Court orders.

I.  **Factual and Procedural Background**

Plaintiff Cody Brown initiated this products-liability case in the County Court at Law No. 3 in Bexar County Texas on June 28, 2019, asserting claims against Defendant Werner arising out of a July 2016 incident. *See* Dkt. No. 1-1. According to his Original Petition, Brown fell while using a ladder manufactured by Defendant Werner. *See id.* He blames the ladder for the fall, contending that one of its legs bent. *See id.* As a result of the fall, Brown alleges he

1

sustained ruptured discs and a torn rotator cuff. *See id.* Brown seeks to hold Werner strictly liable under Texas law. *See id.*

On September 19, 2018, Werner removed this action, citing federal diversity jurisdiction. *See* Dkt. No. 1. Shortly after removal, counsel for Plaintiff Cody Brown moved to withdraw—a request Brown did not oppose. Accordingly, the Court granted the motion to withdraw and set this case for an initial pretrial conference on December 14, 2018. *See* Nov. 27, 2018 text order. The Court advised Brown that he would be required to personally attend the hearing if he intended to proceed with this action pro se. The Court also informed Brown that he could attend by and through counsel, if a substitute attorney could be secured. *See id.*

On December 14, 2018, the undersigned held the initial pretrial conference, at which counsel for Werner appeared. Plaintiff Cody Brown, apparently proceeding pro se, did not appear. Prior to the hearing, a copy of the Court's order setting the hearing was mailed to Brown at his last known address on file. At the hearing, which was recorded and held on the record, the undersigned briefly discussed concerns about the amount in controversy. The Court directed Werner, as the party invoking diversity jurisdiction, to brief whether and how the amount-in-controversy requirement has been met in this case. The undersigned also discussed Brown's obligation to comply with the Orders of this Court, including to attend (in person or through counsel, if he retains counsel) any hearing set. Finally, discussion at the hearing touched upon the fact that it is Brown's responsibility to ensure that the Clerk's Office and opposing counsel have Brown's up-to-date contact information, including a valid mailing address and telephone number. This discussion was also memorialized in a written Order dated December 19, 2018, which was sent to Brown by Regular Mail and by Certified Mail using the address for him on file. *See* Dkt. Nos. 12 & 13.

On January 8, 2019, Werner filed a brief addressing the Court's amount-in-controversy concerns. *See* Dkt. No. 14. Accordingly, a Scheduling Order was entered, setting a discovery deadline of June 17, 2019 and a dispositive motion deadline of July 17, 2019. *See* Dkt. No. 15.

On April 24, 2019, Werner moved for summary judgment. *See* Dkt. No. 17. In support of its motion, Werner attached Requests for Admission for which Brown had failed to provide any timely response. Werner explained that Brown's failure to respond requires that the Requests for Admission be deemed admitted. *See id.* Contemporaneous with its motion for summary judgment, Werner moved to dismiss Brown's claims pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute. *See* Dkt. No. 18. Werner argues that Brown has abandoned his claims, warranting dismissal. By local rule, Brown's responses to Werner's motions were due within 14-days after each of the respective motions was filed. *See* Local Rule CV-7(d). Brown failed to timely respond to either motion.

On May 13, 2019, the undersigned ordered Brown to show cause—on or before June 3— why this case should not be dismissed for failure to prosecute or comply with a Court order. *See* Dkt. No. 19 at 3. To date, Brown has failed to respond to the Court's May 13 Show Cause Order. Instead, on May 22, Werner notified the Court that Brown had apparently filed a Notice of Non-Suit in state court on December 18, 2018. *See* Dkt. No. 21. Because this case had been removed, Werner did not receive notice of Brown's December 18 filing until May 22. *See id.* Werner submits Brown's Notice of Nonsuit "as further evidence that Plaintiff has abandoned this claim and is failing to prosecute this litigation and Werner is entitled to dismissal of all of the claims asserted against it in Plaintiff's Original Petition." *Id.*

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may, upon a defendant's motion, dismiss an action for failure to prosecute or to comply with any court order. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Id.* (quoting *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962) (brackets omitted)). But "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. 2007). Such is the case here. Brown asserts product-liability claims under Texas law regarding events alleged to have occurred in July 2016. Under Texas law, the statute of limitations for products liability actions is two years from the date the cause of action accrues. *Zurich Am. Ins. Co. v. JLG Indus., Inc.*, No. 3:11-CV-3431-L, 2012 WL 3193918, at *3 (N.D. Tex. Aug. 7, 2012) (citing Tex. Civ. Prac. & Rem. Code § 16.003); *see also Bowman v. Sandofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 WL 5083435, at *2 (W.D. Tex. Dec. 10, 2009). And, "[g]enerally, 'a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur.'" *Zurich*, 2012 WL 3193918, at *3 (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998)).

Consequently, the applicable narrower scope of discretion reflects that dismissal is warranted here if (1) there is a clear record of delay or contumacious conduct by Brown and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or where lesser sanctions have been employed but were futile.

4

*See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In addition, a finding of at least one of the following three aggravating factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at n. 9. "The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985). "The district court's consideration of lesser sanctions should appear in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985). The above-referenced requirements are met under the circumstances of this case, and dismissal is warranted here.

First, the record reflects that in the 9 months this case has been pending in this Court, Brown has entirely failed to prosecute the case. Specifically, Brown has failed to: (1) meet and confer as required by Rule 26(f); (2) attend the December 14 Pretrial Conference; (3) submit a written settlement offer as contemplated by the Scheduling Order; (4) file a report on alternative dispute resolution as contemplated by the Scheduling Order; (5) timely designate experts; or (6) respond to any of Werner's January 29 written discovery requests. There are no lesser sanctions that could appropriately be employed under these circumstances. Brown has failed to respond to Werner's multiple discovery attempts and the Court's two prior warnings. Because Brown is proceeding pro se, any delay here is attributable to him, not an attorney. Indeed, Brown's conduct appears to be intentional as evidenced by Brown's December 2018 Notice of Nonsuit filed in state court. Finally, Brown's failure to respond to Werner's basic discovery requests prejudices Werner in that Werner is unable to mount a defense against the claims raised by Brown. Accordingly, dismissal is warranted on this record.

### III. Conclusion

For these reasons, the undersigned recommends that Defendant Werner's Motion to Dismiss, Dkt. No. 18, be **GRANTED** and that this case be **DISMISSED** for failure to prosecute or comply with Court orders.

It is further recommended that all pending motions in this case, including but not limited to Werner's Motion for Summary Judgment, Dkt. No. 17, be **DISMISSED AS MOOT**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).

Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 18th day of June, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE